*673 OPINION.
Tkijssell:
The amounts due petitioner as commissions and which it withdrew from the funds under its control and paid over to itself during the taxable year in question were not inchoate, unliquidated *674 or contingent. They were amounts determinable and due under the contract and the question raised in respect to them was merely whether they should have been withdrawn by petitioner from the gross receipts or the latter turned over to the corporation and a check sent petitioner by the latter after audit of its commission account. The question of which procedure should have been followed has no bearing on petitioner’s tax liability, which is determined by the actual receipt of the commissions.
The record shows that the commissions making up the item in controversy were earned, due, and received by petitioner in the fiscal year 1921. Petitioner, on the cash basis, can not transfer the receipt of its income constructively to some future year by a mere book entry recording the'amount ap one in suspense. Petitioner was entitled to its commissions by virtue of the contract and upon its rendering of the service. This right was not contingent upon a formal allowance of the item by the corporation. Having such right to the commissions it took them from funds in its hands belonging to the corporation, and appropriated them to its own use. No portion of the funds so taken wa,s returned by petitioner to the corporation and no effort appears to have been made by the corporation to secure repayment and no facts are alleged or proven which would indicate to us a legal right in the corporation to require a refund of these amounts.
The decisions cited by petitioner in support of its contention that the commissions withdrawn did not constitute income of the fiscal year 1921 were upon facts vitally different from those here involved. In Holbrook v. Moore, 293 Fed. 284, the plaintiff, as president of a corporation, anticipating that at some future time some additional allowance for compensation would be voted him, drew large sums from the corporation which were charged against him on the books as advances. After several years he was granted by the directors an allowance of $50,000 in addition to his salary, and this amount was then credited against his indebtedness for sums advanced in prior years and was held to be income of the year in which authorized and so credited. In Seward Prosser, 7 B. T. A. 734, an allowance voted the taxpayer by a corporation for services rendered by him in the reorganization was not accepted but was turned over to a trust company of which he was the president, to be held in escrow as a guarantee of the ultimate payment of certain notes of the reorganized corporation held by that trust company. The taxpayer’s ultimate receipt of the payment was contingent upon the happening of an event which did not come to pass within the taxable year and it was held not to represent income to him for that year. In Walter Cravens, 3 B. T. A. 282, commissions were drawn by the taxpayer *675 from the corporation of which he was president and later a portion of the amount was questioned, and the disputed amount was returned to the corporation and was held not to have represented income to the taxpayer.
In the present case the right of the petitioner to the commissions it deducted from the funds in its hands was not disputed. The services were rendered and the amounts of the commissions were liquidated. The sole question was one of the regularity of the payment as made by petitioner from funds in its hands instead of by the corporation upon submission of a bill. It related merely to the method of accounting by the agent and whether it should be on vouchers submitted for payments made or by transmitting the funds with the bills for payment. This is a question with which we are not concerned. Petitioner was due to receive and did receive these payments during the fiscal year 1921 and they accordingly represent income to him for that period.

Judgment will be entered for the respondent.